# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

ANNIE KRAH.,  )
 )
          Plaintiff, )
 )
v. ) No. 4:15 CV 887 DDN
 )
DDR CORP., and )
KATSAM, LLC, )
 )
          Defendants. )

## MEMORANDUM AND
## ORDER AND RECOMMENDATION

This action is before the court on the motion of plaintiff Annie Krah (a) for leave to file a first amended complaint which would join Katsam, LLC as a defendant and (b) to remand this case to Missouri state court. (Doc. 13.)

This action was commenced in the Circuit Court of Jefferson County. In her state court petition, plaintiff alleges she was injured when her shopping cart fell in a hole on the parking lot of defendant DDR Corp. and she fell to the ground. (Doc. 1-1.) Defendant removed the case to this court under 28 U.S.C. § 1441, because plaintiff is a citizen of Missouri, defendant DDR is incorporated under the law of Ohio where it has its principal place of business, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. See 28 U.S.C. § 1332(a) (diversity of citizenship subject matter jurisdiction).

Plaintiff has moved to amend her pleading by adding a claim against Katsam, LLC. (Doc. 13-1.) Plaintiff alleges that Katsam, a limited liability company whose members are Missouri citizens, is a street sweeping vendor which has its principal place of business in Missouri. Plaintiff seeks monetary damages from Katsam because she was injured due to its negligent failure to warn about the dangerous condition of DDR's parking lot. (Id. at 3.)

Because the addition of Katsam as a defendant in this case would destroy the required diversity of citizenship for subject matter jurisdiction, plaintiff also asks the court to remand the action to the Missouri circuit court under 28 U.S.C. § 1447(c) and (e). DDR does not object to the motion in any respect.

To begin, plaintiff is entitled to amend her initial pleading to add a party against whom she would allege a nonfrivolous claim. F. R. Civ. P. 15(a) (2) (court should allow an amendment of the pleadings when justice requires). Joining Katsam as a defendant is proper under F. R. Civ. P. 20(a)(2)(A).

However, if, as here, amending the complaint will destroy diversity, special consideration is required. See Bailey v. Bayer CropScience L.P., 563 F.3d 302, 307 (8th Cir. 2009). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court." 28 U.S.C. § 1447(e). When joinder would destroy jurisdiction, the Eighth Circuit has endorsed a balancing test weighing the defendant's interests in maintaining the federal forum against the plaintiff's interests of not having parallel lawsuits or contradicting verdicts. Bailey, 563 F.3d at 309 (citing Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987)). This balancing test requires the court to consider: "1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, 2) whether [the] plaintiff has been dilatory in asking for amendment, and 3) whether plaintiff will be significantly injured if amendment is not allowed." Id.

As highlighted in plaintiff's motion to amend and remand (Doc. 13), her amended complaint will destroy this court's subject matter jurisdiction. However, the court does not find that plaintiff is attempting to join Katsam in this lawsuit in order to defeat federal jurisdiction. Plaintiff brought suit against the owner of the parking lot and nothing indicates she knew or should have known DDR had hired an outside business to maintain the lot. Upon learning of the additional party she timely filed an amended complaint and motion to remand. The deadline to join parties was October 2, 2015 and plaintiff filed her motion (Doc. 13) on September 25, 2015. (Doc. 11.) If plaintiff is not permitted to

-2-

amend the complaint in order to add Katsam as a party, she might not be able to secure complete relief as the law may allow. Further, defendant DDR Corp. has not objected to either the amendment adding the second defendant or to remanding the case to the circuit court. Plaintiff is entitled to amend her complaint to add Katsam as a defendant.

An order remanding this action to the Circuit Court of Jefferson County under 28 U.S.C. § 1447(e) is necessary, because adding Katsam destroys subject matter jurisdiction.

Plaintiff and original defendant DDR Corp. consented to the exercise of plenary authority by the undersigned Magistrate Judge under 28 U.S.C. § 636(c). However, § 636(c) requires that *all* parties to consent to the authority of the Magistrate Judge. With addition of another party, Katsam LLC as a defendant, who has not consented, even though it has not yet actually entered the case, the authority of the undersigned extends only to that granted by § 636(b) (authority limited to nondispositive matters). Without the consent of the additional party, the undersigned Magistrate Judge is without authority to order remand, which has been determined to be a dispositive matter but may recommend to the assigned District Judge that the case be remanded. Flam v. Flam, 788 F.3d 1043, 1048 (9th Cir. 2015).

For the reasons stated above,

**IT IS HEREBY ORDERED** that plaintiff's motion to file an amended complaint (Doc. 13-1) is sustained. Katsam, LLC, is added as a party defendant.

**IT IS FURTHER ORDERED** that the Clerk of Court reassign this action by the random selection process to a District Judge, advising that judge of the pendency of this Order and Recommendation.

**IT IS HEREBY RECOMMENDED** that this case be remanded to the Circuit Court of Jefferson County for further proceedings. The parties may have 14 days to file objections to this Order and Recommendation.

/s/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed and filed on November 2, 2015.